**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

FLYING FISH BIKES, INC., a Florida
corporation,

       Plaintiff,

v.                                              Case No:  8:13-cv-2890-T-23AEP

GIANT BICYCLE, INC., a California
corporation,

       Defendant.
                                       /

**REPORT AND RECOMMENDATION**

This cause is before the Court on Plaintiff's Motion to Strike Affirmative Defenses ("Motion") (Dkt. No. 72) and Defendant's response thereto (Dkt. No. 75).  For the reasons discussed below, the undersigned RECOMMENDS that Plaintiff's Motion be GRANTED IN PART AND DENIED IN PART.[1]

**I.    Factual Background**

This action brought by Flying Fish Bikes, Inc. ("Fish") against Giant Bicycle, Inc. ("Giant") alleges fraud with intent and seeks both compensatory and punitive damages (Dkt. No. 64).  In support, Fish avers Giant representative Geoff Godsey ("Godsey") intentionally misrepresented Giant's business intentions in the geographical region in an attempt to solicit a large volume order for inventory, all while being aware of Giant's intentions to imminently terminate its relationship with Fish and open its own store front in the same region. (Dkt. No 64).

---

[1] Plaintiff's Motion to Strike (Dkt. No. 72 ) was referred to the undersigned by the Honorable Steven D. Merryday (Dkt. No. 72).

Fish alleges that this material omission of information resulted in damages in excess of $100,000, and, additionally, warrants a finding of punitive damages. (Dkt. No. 64). In its amended answer, Giant denies the majority of Fish's allegations and presents sixteen affirmative defenses—seven of which are placed into issue by Plaintiff's Motion. (Dkt. No. 69).

## II.   Applicable Legal Standard

Federal Rule of Civil Procedure 12(f) provides that "[t]he Court may strike from a pleading an insufficient defense or any redundant, immaterial impertinent, or scandalous matter." FED. R. CIV. P. 12(f). "Although the Court has broad discretion in ruling on a motion to strike, such motions are disfavored due to their draconian nature." *126th Ave. Landfill, Inc. v. Pinellas County, Fla.*, No. 8:09-cv-307-T-33TBM, 2010 WL 3245309, at *1 (M.D. Fla. Aug. 17, 2010). Thus, "[a]n affirmative defense will only be stricken . . . if the defense is 'insufficient as a matter of law.'" *Microsoft Corp. v. Jesse's Computers & Repair, Inc.*, 211 F.R.D. 681, 683 (M.D. Fla. 2002) (quoting *Anchor Hocking Corp. v. Jacksonville Elec. Auth.*, 419 F. Supp. 992, 1000 (M.D. Fla. 1976)). An affirmative "defense is insufficient as a matter of law only if: (1) on the face of the pleadings, it is patently frivolous, or (2) it is clearly invalid as a matter of law." *Id*. "To the extent that a defense puts into issue relevant and substantial legal and factual questions, it is 'sufficient' and may survive a motion to strike, particularly when there is no showing of prejudice to the movant." *Reyher v. Trans World Airlines, Inc.*, 881 F. Supp. 574, 576 (M.D. Fla. 1995) (citation omitted). Further, district courts have "broad discretion in disposing of motions to strike." *Anchor Hocking*, 419 F. Supp. at 1000.

Affirmative defenses are also subject to the general pleading requirements of Rule 8 of the Federal Rules of Civil Procedure. Rule 8(b)(1)(A) requires that a party "state in short and plain terms its defenses to each claim asserted against it." Fed. R. Civ. P. 8(b)(1)(A). Although

Rule 8 does not obligate a defendant to set forth detailed factual allegations, a defendant must give the plaintiff "fair notice" of the nature of the defense and the grounds upon which it rests. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007).

### III.    Analysis

The Court, in turn, reviews Giant's Affirmative Defenses 3, 4, 5, 7, 12, 13, and 14.[2]

i.   <u>**Giant's Affirmative Defenses 3-7**</u>

   a.  **Third Affirmative Defense**

GIANT alleges that its business relationship with BIKES was subject to and controlled by the non-exclusive Dealer Agreement that governed the respective rights, duties, and obligations of each party. Thus, BIKES' alleged damages, if any, are barred or limited in accordance with the Limitation of Liability provision contained within the Dealer Agreement.

   b.  **Fourth Affirmative Defense**

GIANT alleges that, at all times material, the Dealer Agreement with BIKES was non-exclusive, contained no territorial, geographic or non-competition limitations or restrictions and expressly did not confer a right to know or require either BIKES or GIANT to disclose to each other confidential business dealings with any other third-party. Thus, BIKES' claims are barred as a matter of law.

   c.  **Fifth Affirmative Defense**

GIANT alleges that, at all times material, its business relationship with BIKES was that of a "distributor and retailer" with no fiduciary duty owed by either party or conferred upon either party. Thus, GIANT did not have a duty to disclose to BIKES its confidential business dealings with other existing authorized GIANT retailers and BIKES had no right to know of those confidential business dealings.

   d.  **Seventh Affirmative Defense**

GIANT alleges that BIKES' reliance on purported misrepresentations by GIANT and/or its representatives, if any, was not reasonable or justified, in that, at all times material, the parties were sophisticated business entities acting at arms-lengths.

---

[2] Because Fish does not move for this Court to review Affirmative Defense Nos. 1, 2, 6, 8, 9, 10, 11 and 15, but merely suggests the Court deem them to be denials, the Court ought decline to review those Affirmative Defenses.

Fish contends Giant's Third, Fourth, Fifth, and Seventh Affirmative Defenses are insufficient as a matter of law as they fail to, under Florida law, have any effect on Fish's intentional tort claims. Moreover, Fish argues that the continued existence of these affirmative defenses in the proceedings would prejudice Fish by requiring additional discovery, argument, time, expense, and judicial resources. In response, Giant maintains its affirmative defenses are related to the controversy in that Fish's tort claim derives from the Dealer Agreement ("Agreement"), without which Fish's Complaint would fail to state a claim because Fish's allegations would not arise to the level of an independent tort.[3] Giant ultimately contends that its affirmative defenses are properly pled, and, in the alternative, requests leave to amend them.

A matter of preliminary importance is the choice of law provision in the parties' Agreement. As Fish correctly contends, narrow choice of law provisions, such as the one contained in the Agreement,[4] are not broad enough to encompass intentional torts relating to conduct outside the scope of contractual rights and duties. *See Rayle Tech, Inc. v. DeKalb Swine Breeders, Inc.*, 133 F.3d 1405, 1409 (11th Cir. 1998). Because the choice of law provision is narrow, the Court must turn to the forum state, Florida, to determine the applicable law governing Fish's fraud claim. *Green Leaf Nursery v. E.I. DuPont De Nemours & Co.*, 341 F.3d 1292, 1301 (11th Cir. 2003). Under Florida's "most significant relationship" test,[5] it is clear that

---

[3] Giant offers the same response with regard to Affirmative Defenses Four, Five, and Seven.

[4] "This Agreement shall be governed by the laws of the State of California without regard to the principle of conflicts of laws and the parties expressly consent to the exercise of personal jurisdiction over them by the courts of California." (Dkt. No. 33-5 at 4).

[5] Florida follows the approach set forth in the Restatement, which states that "[t]he rights and liability of the parties with respect to an issue in tort are determined by the local law of the state which, with respect to that issue, has the most significant relationship to the occurrence and the parties" and that contacts to be taken into account include "(a) the place where the injury occurred, (b) the place where the conduct causing the injury occurred, (c) the domicile, residence, nationality, place of incorporation and place of business of the parties, and (d) the

Florida law, the state where Fish's resale of Giant's product occurred and was set to continue, ought govern Fish's claims. *See Bishop v. Florida Specialty Paint Co.,* 389 So. 2d 999, 1001 (Fla. 1980)*; id*. (citing *Garcia*, 841 F.2d at 1064–65).

Having concluded Florida law governs Fish's intentional tort claims, the Court turns to whether Giant's Third Affirmative Defense is clearly invalid as a matter of law. Giant argues that Fish's fraud claim is inextricably intertwined with the Agreement's provisions, such that they control the relationship of the parties to the point of the former being contingent on the latter. This is not so. Florida law disfavors exculpatory clauses, and voids clauses that run contrary to public policy, such as those that preclude liability for intentional torts. *See, e.g.*, *Kellums v. Freight Sales Centers, Inc.*, 467 So. 2d 816, 817 (Fla. 5th DCA 1985); *Goyings v. Jack & Ruth Eckerd Found.*, 403 So. 2d 1144, 1146 (Fla. 2d DCA 1981); *Zuckerman-Vernon Corp. v. Rosen*, 361 So. 2d 804, 806 (Fla. 4th DCA 1978). A party cannot contract against liability for its own fraud, *See Rosen*, 361 So. 2d at 806, and the Court need not look past the pleadings to make this determination. Therefore, Defendant's Third Affirmative Defense ought be held invalid as a matter of law. *See Equal Employment Opportunity Comm'n v. First Nat'l Bank*, 614 F.2d 1004, 1008 (5th Cir.1980), cert. denied, 450 U.S. 917 (1981) (citing 2A Moore's Federal Practice P 8.27(3), at 8251 (2d Ed. 1979)); *see also Vance v. Westfalia Technologies, Inc.*, No. 8:12-CV-1902-EAK-TGW, 2013 WL 3270414, at *2 (M.D. Fla. June 26, 2013).

Next, Giant's Fourth and Fifth Affirmative Defenses are likewise insufficient as a matter of law. Giant contends it had no contractual duty to Fish to disclose information at issue and otherwise did not owe a fiduciary duty to Fish. While the facts underlying these contentions may be relevant to Giant's defense in general, particularly as they may relate to intent, they ultimately

---

place where the relationship, if any, between the parties is centered." *Garcia v. Public Health Trust of Dade County*, 841 F.2d 1062, 1064–65 (11th Cir.1988).

fail to bear any logical relationship to Fish's claims for fraud when structured as affirmative defenses. *See Hassan v. U.S. Postal Serv.*, 842 F.2d 260, 263 (11th Cir. 1988) ("In determining whether a particular argument is an affirmative defense, courts consider the logical relationship between the defense and the cause of action.") (internal quotation omitted). Florida law does not require the existence of a fiduciary relationship to establish fraudulent inducement, and fraud claims do not depend on the existence or absence of underlying contractual provisions. *HTP, Ltd. v. Lineas Aereas Costarricenses*, *S.A.*, 685 So. 2d 1238, 1240 (Fla. 1996) (holding that fraud in the inducement can stand as an independent tort not barred by the economic loss rule); *TransPetrol, Ltd. v. Radulovic*, 764 So. 2d 878, 880 (Fla. 4th DCA 2000) (finding a transactional relationship between the parties to be sufficient); *Nicholson v. Kellin*, 481 So. 2d 931, 936 (Fla. 5th DCA 1985) (same); *Vokes v. Arthur Murray, Inc.*, 212 So. 2d 906, 909 (Fla. 2d DCA 1968) (same). Accordingly, Affirmative Defenses Four and Five are insufficient as a matter of law. *Reyher*, 881 F. Supp. at 576 (citing *Equal Employment Opportunity Comm'n*, 614 F.2d at 1008 ("An affirmative defense will be held insufficient as a matter of law only if it appears that the defendant cannot succeed under any set of facts which it could prove.")).

Finally, Fish's argument relating to Giant's Seventh Affirmative Defense appears to misconstrue the defense in relation to Florida Law. Under Florida law, the elements of an actionable fraud are (1) a false statement concerning a material fact; (2) knowledge by the person making the statement that the representation is false; (3) the intent by the person making the statement that the representation will induce another to act on it; and (4) reliance on the representation to the injury of the other party. *E.g., Lance v. Wade*, 457 So. 2d 1008, 1011 (Fla. 1984). The Florida Supreme Court in *Besett v. Basnett*, 389 So. 2d 995, 997 (Fla. 1980), held that when a fraudulent misrepresentation is made that engenders a specific false statement, an

individual may rely on it, absent knowledge and obviousness, even though its falsity could have been ascertained had they made an investigation. *Besett* speaks to justifiable reliance in terms of the possibility the receiving party could have sought out truth through investigation. *Id*. However, *Besett* does not, as Fish contends, necessarily obviate the requirement that the misrepresentation have been reasonably relied upon.[6] *See id*. at 997 (quoting with approval *Upledger v. Vilanor Inc.*, 369 So. 2d 427, 430 (Fla. 2d DCA 1979) ("When a specific false statement is knowingly made and reasonably relied upon. . .")). Moreover, a party seeking to avail itself of the doctrine of fraudulent concealment must have exercised reasonable care and diligence in seeking to learn the facts which would disclose the fraud. *Berisford v. Jack Eckerd Corp.*, 667 So. 2d 809, 812 (Fla. 4th DCA 1995). Thus, at least for the purposes of this motion under Rule 12(f), Giant's Seventh Affirmative Defense ought remain and be construed as a denial, "as it alleges only a defect in [Fish's] prima facie case." *See Hansen v. ABC Liquors, Inc.*, No. 3:09-cv-966-J-34MCR, 2009 WL 3790447, at *2 (M.D. Fla. Nov. 9, 2009)( "when a party incorrectly labels a negative averment as an affirmative defense rather than as a specific denial, the proper remedy is not to strike the claim, but rather to treat it as a specific denial." (internal citations and quotations omitted)).

    **ii.**    **Giant's Affirmative Defenses 12, 13, and 14**

        **a. Twelfth Affirmative Defense**

> GIANT alleges that BIKES' claim for punitive damages against GIANT cannot be maintained, because an award of punitive damages under current Florida law would be void for vagueness, both facially and as applied. Among other deficiencies, there is an absence of adequate notice of what punishment may be imposed; an absence of a predetermined limit, such as a maximum multiple of compensatory damages

---

[6] As Florida's Third District Court of Appeal implied in *Pressman v. Wolf*, the *Besett* decision does not stand for the proposition that a buyer need not take reasonable steps to ascertain the material facts involved in a transaction. *See* 732 So. 2d 356, 360-61 (Fla. 3d DCA 1999) (citing Restatement (Second) of Torts § 541 (1977)), *disapproved on other grounds M/I Schottenstein Homes, Inc. v. Azam*, 813 So. 2d 91 (Fla. 2002).

or a maximum amount, and it would permit and encourage arbitrary and discriminatory enforcement, all in violation of the due process clause of the Fourteenth Amendment of the United States Constitution, Article 1, Section 9 of the Florida Constitution, and the common law and public policies of the State of Florida.

### b. Thirteenth Affirmative Defense

As a further affirmative defense, GIANT alleges that BIKES' claim for punitive damages against GIANT cannot be maintained, because any award of punitive damages under Florida law would be by a jury that (1) is not provided standards of sufficient clarity for determining the appropriateness and the appropriate size of a punitive damages award, (2) is not adequately instructed on the limits on punitive damages imposed by the applicable principles of deterrence and punishment, (3) is not expressly prohibited from awarding punitive damages, or determining the amount of an award of punitive damages, in whole or in part, on the basis of invidiously discriminatory characteristics, including the residence, wealth, and corporate status of GIANT, (4) is permitted to award punitive damages under a standard for determining liability for punitive damages that is vague and arbitrary and does not define with sufficient clarity the conduct or mental state that makes punitive damages permissible, and (5) is not subject to adequate trial court and appellate judicial review for reasonableness and furtherance of legitimate purposes on the basis of objective standards. Any such verdict would violate GIANT's due process rights guaranteed by the Fourteenth Amendment to the United States Constitution and by Article 1, Section 9 of the Florida Constitution and would be improper under the common law and public policies of the State of Florida.

### c. Fourteenth Affirmative Defense

As a further affirmative defense, GIANT alleges that to the extent that the law of Florida permits punishment to be measured by the net worth or financial status of GIANT, and imposes greater punishment on defendants with larger net worth, such as an award would be unconstitutional because it permits arbitrary, capricious and fundamentally unfair punishments, allows bias and prejudice to infect verdicts imposing punishment, allows punishment to be imposed based on lawful profits and conduct of GIANT in other States, and allows dissimilar treatment of similarly situated defendants, in violation of the due process and equal protection provisions of the Fourteenth Amendment to the United States Constitution, the commerce Clause of the United States Constitution, and Article 1, Section 9 of the Florida Constitution.

Fish contends Giant's listed Affirmative Defenses Twelve, Thirteen, and Fourteen are

uncertain, broad, rambling, ambiguous, and ultimately prejudice Fish insofar as they may

evidence an intent to challenge the constitutionality of punitive damages, which in turn may delay and complicate the proceedings. It is not entirely clear what Giant intends by designating the foregoing as affirmative defenses, but, regardless, the Court does not see grounds to strike the assertions under Rule 12(f). The rules do not condemn the pleading of conclusions of law. *See* 5C Fed. Prac. & Proc. Civ. § 1383 Motion to Strike—Grounds Not Mentioned in Rule 12(f) (3d ed.). Giant's intent appears to be simply to notice and place into issue a legal question relevant to the proceedings. *See Reyher*, 881 F. Supp. at 576 ("To the extent that a defense puts into issue relevant and substantial legal and factual questions, it is 'sufficient' and may survive a motion to strike."). The perceived prejudices detailed in Fish's motion are thus, at this point, speculative and do not warrant the remedy requested. *See Augustus v. Bd. of Pub. Instruction of Escambia Cnty., Fla.*, 306 F.2d 862, 868 (5th Cir. 1962) ("when there is no showing of prejudicial harm to the moving party, the courts generally are not willing to determine disputed and substantial questions of law upon a motion to strike.").

### iii.   Attorney's Fees Request

Fish also requests that the Court strike Giant's apparent demand for attorney's fees in its responsive pleading (Dkt. No. 69). The Court, however, does not construe Giant's mention of attorney's fees to be a motion upon the Court, as it does not comply with Federal Rule of Civil Procedure 54 and Local Rule 4.18, which require separate motions or petitions to be filed. The Court, instead, construes the request as an attempt to appropriately preserve Giant's claim for attorney's fees.

Accordingly, it hereby

RECOMMENDED:

1. Giant's Third, Fourth, and Fifth Affirmatives Defenses (Dkt. No. 69) be STRICKEN.


2. Giant's Seventh Affirmative Defense remain, but be construed as a denial.

3. Fish's Motion as to Giant's Twelfth, Thirteenth, and Fourteenth Affirmative Defenses be DENIED.

4. Giant be granted leave to amend its responsive pleading in accordance with the foregoing.

**IT IS SO REPORTED** at Tampa, Florida this 2nd day of February, 2015.

_____
ANTHONY E. PORCELLI
United States Magistrate Judge

**NOTICE TO PARTIES**

Failure to file and serve written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date it is served on the parties shall bar an aggrieved party from a *de novo* determination by the District Court of issues covered in the report, and shall bar the party from attacking on appeal factual findings in the report accepted or adopted on appeal by the District Court except upon grounds of plain error or manifest injustice. 28 U.S.C. § 636(b)(1)(C); Local Rule 6.02; *Nettles v. Wainwright,* 677 F.2d 404 (5th Cir. 1982) *(en banc).*

**Copies furnished to:**

The Honorable Steven D. Merryday
Counsel of Record